IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS PHILLIPS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-3298-C-BH |
| | ) | |
| TEXAS DEPARTMENT OF FAMILY | ) | |
| and PROTECTIVE SERVICES; and UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for findings,

conclusions, and recommendation.  Before the Court are the *pro se* plaintiff's *Motion for Leave to*

*File Petitioner's Complaint for Injunctive Relief (Complaint Attached); Plaintiff's Motion to Compel*

*Preparation of a Vaughn Index; Motion for Hearing; and Motion for Appointment of Counsel with*

*Declaration Under Penalty of Perjury*, and *Application to Proceed in District Court without*

*Prepaying Fees or Costs*, both filed December 14, 2018 (docs. 2, 3), and *Petitioner's Motion for*

*Summons of Original Complaint*, filed December 22, 2018 (doc. 6).  Based on the relevant filings

and applicable law, the motion for leave, application to proceed without paying fees or costs, and

any remaining motions should be **DENIED**.

**I. BACKGROUND**

Deloris Phillips (Plaintiff) "has been deemed a pernicious, abusive, and vexatious litigant

by the United States Court of Appeals for the Fifth Circuit and by this Court." *Phillips v. Fed.*

*Bureau of Investigation,* No. 3:13-CV-1571-B, Dkt. No. 10 (N.D. Tex. May 20, 2013) (citing

*Phillips v. United Parcel Serv.*, No. 11-10766, Order at 1-2 (5th Cir. May 16, 2012)).  Both courts

have barred her from communicating with the clerk's office in each court and from proceeding with

any civil action without leave.  *Id.*; *see also Phillips v. City of Dallas, et al.*, 3:14-CV-3131-M, doc. 22 at 2-3 (N.D. Tex. Dec. 19, 2014) (recommendation of Mag. J.), *accepted by* doc. 25 (N.D. Tex. Jan. 14, 2015); *Phillips v. United Parcel Serv.*, No. 3:11-CV-2861-B, doc. 57 (N.D. Tex. Oct. 19, 2012).  In this district, she is prohibited from proceeding with any civil action unless she first obtains permission to proceed from a U.S. District Judge.  (*See* 3:14-CV-3131-M, doc. 25.)

On December 14, 2018, Plaintiff filed a motion for leave seeking to pursue her complaint against the Texas Department of Family and Protective Services (DFPS) and the United States Department of Homeland Security (DHS) (collectively, Defendants) under the Freedom of Information Act (FOIA) "to clear her name and to correct the exploited integrity/rights of minor children who [have] been unlawfully used as bait for self-absorbed agendas and vindictive retaliation against" her.  (doc. 2 at 1-2.)[1]  She seeks to pursue a claim for injunctive relief to order Defendants to produce agency records concerning any and all "records/files/notes/documents/investigations, contracts, agreements, etc., regarding" her.  (*Id.* at 2.)  She claims that the documents she is requesting will "show that there is an ongoing massive cover-up within cover-up and [she] and her family are being used as pawns by methodical bullying, exploitation, blacklisting, [and] conspiracy to interfere with the civil rights of children, women[,] and men" because she refuses to "open".  (*Id.* at 2-3.)

Plaintiff alleges that she requested all documents that she "signed when she agreed to bring [her] granddaughter home and to care for her grandson and any/all related documents/files/etc." from DFPS on September 6, 2018.  (*Id.* at 3, 14-15.)  According to the attachments to her complaint,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

DFPS responded on September 20, 2018, informing Plaintiff that it was unable to release the requested records based on several statutes which prohibit the release of such information in response to a public information request. (*Id*. at 4, 13.) Plaintiff then attempted to appeal the decision by email, and it appears that her appeal was denied. (*Id*. at 4, 12, 17.)

Also according to the attachments to her complaint, Plaintiff appears to have sent her first records request to DHS on November 1, 2018, and it responded that it could not disclose the requested information because she failed to file her request "in accordance with the agency's published FOIA regulations." (*Id*. at 5, 24.) Plaintiff then submitted a second records request to DHS on November 20, 2018, seeking all records pertaining to her. (*Id*. at 4, 20-23.) On November 29, 2018, DHS responded that it completed a search of its records and "[n]o records responsive to [her] request were located." (*Id*. at 38.) It also informed her that another search would be conducted if she provided additional information, and notified her of her right to appeal within 90 days of its response. (*Id*.) Plaintiff then emailed DHS's FOIA public liaison stating that she would "file [a FOIA] complaint in Federal Court . . . and explain the situation," and alleging that she was treated unfairly because she is a minority. (*Id*. at 36-37.) It does not appear that she provided additional information to DHS or appealed its decision.

## II. ANALYSIS

Plaintiff seeks leave to file her complaint in this action under the FOIA. (doc. 2.) As noted, she cannot proceed with her civil action unless a U.S. District Judge first grants her permission to proceed. (*See* 3:14-CV-3131-M, doc. 25.)

The FOIA embodies a philosophy of full disclosure by government agencies and requires them to make their records available to the public. 5 U.S.C. § 552; *Halloran v. Veterans Admin.*,

3

874 F.2d 315, 318 (5th Cir. 1986).  Many of these records must be published in the Federal Register;

the rest may be requested from an agency.  5 U.S.C. § 552(a).  Upon receipt of a request for records,

an agency must make the requested records promptly available to the requesting party, unless the

records fall under one of nine exemptions listed in the FOIA.  *Id*. at § 552(a) & (b).  The agency,

moreover, must disclose any "reasonably segregable portion of a record" after deletion of the exempt

portion of the record.  *Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) (citing *id*. at § 522(b)).

An agency has the burden of proving that particular documents or portions thereof are exempt from

disclosure.  *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 398 (5th Cir. 1985).  If an agency

improperly withholds agency records, a district court has jurisdiction to enjoin it from withholding

those records and to order their production.  5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Tax

Analysts*, 492 U.S. 136, 143 (1989).  An agency record is "improperly" withheld if it does not fall

within one of the nine exemptions enumerated in the FOIA.  *See Tax Analysts*, 492 U.S. at 150–51.

A.      **DHS**

Plaintiff seeks leave to bring this action under the FOIA to obtain records from DHS

"concerning any/all records/files/notes/documents/investigations, contracts, agreements, etc.,

regarding" her in order to "clear her name and protect the integrity [o]f minor children . . . ."  (doc.

2 at 2, 4-5.)

A plaintiff must exhaust her administrative remedies before bringing a FOIA claim in federal

court.  *Voinche v. U.S. Dep't of Air Force*, 983 F.2d 667, 669 (5th Cir. 1993); *Hedley v. United

States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (holding that FOIA implicitly requires a claimant to

exhaust administrative remedies prior to seeking judicial review).  Dismissal for failure to state a

claim is proper when the failure to exhaust administrative remedies is apparent from the face of the

complaint.  *See LaBeouf v. Manning*, 575 F. App'x 374, 378–79 (5th Cir. 2014) (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (stating that a court "can only dismiss for failure to state a claim based on a failure to exhaust when the face of the complaint makes clear that the plaintiff did not exhaust." (footnote omitted)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that failure to exhaust can be a basis for dismissal for failure to state a claim when it is apparent from the face of the complaint).

A FOIA claimant actually exhausts her administrative remedies when she files a proper request with the appropriate agency and appeals any adverse determinations administratively. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Wells v. U.S. Dep't of Educ.*, et al., No. 09-456-JJB-CN, 2009 WL 2475434, at *2 (M.D. La. Aug. 12, 2009).  A FOIA claimant may also seek judicial review if she shows constructive exhaustion of her administrative remedies. *Oglesby*, 920 F.2d at 62; *Voinche v. F.B.I.*, 999 F.2d 962, 963; *see* 5 U.S.C. § 552(a)(6)(C).  The claimant constructively exhausts her administrative remedies if the agency does not respond to her request within 20 days by notifying her of its decision to comply with the request, the reasons for such decision, and of the claimant's right to appeal that decision. *See id*.  The option to seek judicial review based on constructive exhaustion "lasts only up to the point that an agency actually responds." *Oglesby*, 920 F.2d at 61.  Once the agency responds, a FOIA claimant "may no longer exercise [her] option to go to court immediately." *Id*. Instead, she must wait for an unsuccessful appeal to the appropriate administrative authority before seeking judicial review. *Id*.

Here, Plaintiff's complaint reflects that she filed two records requests with DHS. (doc. 2 at 4-5, 20-24.)  It responded to the initial request informing her that she must file a proper request in accordance with its published FOIA regulations.  (*Id*. at 24.)  Plaintiff then submitted her second

request, and DHS responded within 20 days that it did not locate any records responsive to her

request.  (*Id*. at 4, 20-23.)  DHS's response informed her that another search would be conducted

if she provided additional information, but she does not allege that she provided any.  (*Id*. at 38.)

It also informed her of her right to appeal, but Plaintiff does not allege that she appealed.  (*See id*.)

Rather, she responded by emailing DHS's FOIA public liaison informing her that she would be

filing a FOIA complaint in federal court.  (*Id*. at 36-37.)  It is apparent from the face of Plaintiff's

complaint that she has not actually exhausted her administrative remedies because she did not

administratively appeal the agency's decision, and she cannot establish constructive exhaustion

because DHS responded to her requests for disclosure before she filed her FOIA claim.  *See Pearson*

*v. U.S. Dep't of Homeland Sec.*, No. 3:08-CV-1885-B (BH), 2009 WL 4016414, at *7 (N.D. Tex.

Nov. 17, 2009) (citing *Oglesby*, 920 F.2d at 61).

　　　Because it is apparent from the face of her complaint that she did not exhaust her

administrative remedies regarding her request to the DHS, Plaintiff should not be granted leave to

pursue an action against it under FOIA.  *See Voinche*, 983 F.2d at 669; *Hedley*, 594 F.2d at 1044;

*see also Toole v. Obama*, 2013 WL 943458, at *2 (S.D. Miss. Mar. 11, 2013) (finding that claims

under FOIA should be dismissed for failure to state a claim where the plaintiff failed to exhaust her

administrative remedies).

**B.　　DFPS**

　　　Plaintiff also seeks to pursue FOIA claims against DFPS.  (doc. 2 at 2-4.)  DFPS is a state

agency. *See Wauson v. Tex. Dep't of Family and Protective Servs.*, No. A-08-CA-051-SS, 2008 WL

11419033, at *2 (W.D. Tex. July 28, 2008) (identifying the DFPS as a state agency).  FOIA applies

only to federal agencies, not state agencies.  *See Wright v. Curry*, 122 F. App'x 724, 725 (5th Cir.

2004) (citing 5 U.S.C. § 552) (FOIA); *see also Huckeba v. Greenville Police Dep't*, No. 3:05-CV-437-G, 2005 WL 1502063, at *1 (N.D. Tex. June 24, 2005) (The FOIA "applies only to 'records' maintained by 'agencies' within the executive branch of the federal government."), *adopted by*, 2005 WL 1837028 (N.D. Tex. July 29, 2005).  Accordingly, it does not provide a basis for the relief that Plaintiff seeks against DFPS, and she should not be granted leave to pursue her claims against it.  *See Wright*, 122 F. App'x at 725 (5th Cir. 2004); *Trevino-Garcia v. Univ. of Tex. Health Sci. Ctr. Sch. of Med.*, No. SA-09-CA-0572-XR, 2009 WL 5195962, at *5 (W.D. Tex. Dec. 21, 2009) (dismissing claims under FOIA because they were not asserted against a federal agency).[2]

In summary, Plaintiff has not stated a plausible claim under FOIA against either DHS or DFPS because she has failed to exhaust her administrative remedies and it does not permit actions against state agencies.  Plaintiff's motion for leave to proceed with her action should therefore be denied.

### III. RECOMMENDATION

The motion for leave to proceed with this action, application to proceed without paying fees or costs, and any remaining motions should be **DENIED**.  The Court should order that any pending and future motions filed in this action shall be docketed for administrative purposes only and terminated, and that no action will be taken on those filings while this action remains closed pursuant to the sanctions order.

---

[2] Notably, Plaintiff's allegations appear to relate to the same type of wide-ranging conspiracy claims regarding sexual harassment against her and her refusal to participate in sexual acts that have been found frivolous in her prior cases.  Because her allegations are "fanciful, fantastic, and delusional", her claims are also factually frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

**SO RECOMMENDED** on this 28th day of December, 2018.


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE